Rhonda K. Wood, Justice, concurring.
Although I concur in the majority's decision to deny Ward's motion to recall the mandate, I write separately to highlight an ongoing problem in our appellate process. As the majority explains, in 2015, we denied Ward's fourth motion to recall the mandate on the same issue. Ward v. State , 2015 Ark. 61, 455 S.W.3d 818 ( Ward VI ). On April 12, 2017, Ward filed this motion to recall the mandate alleging there was an error in the appellate court process. More specifically, he alleged that in his prior appeal this court had misinterpreted Ake and had failed to provide him with sufficient relief under that case. Ake v. Oklahoma , 470 U.S. 68, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985). However, we definitively decided that same issue in Ward VI , and as the majority points out, our holding in Ward VI is law of the case.
Ward's only other argument in his April 2017 motion to recall the mandate was that the United States Supreme Court might in the future conclude that Ake meant something different that we did in Ward VI. He, therefore, asked us to recall the mandate, not on a legal error, but on the possibility of a future error in the appellate process. That was not a cognizable ground under our precedent. Even when he pled no appellate error, this court decided to take the motion as a case, rather than deny his motion outright.
The fundamental problem I see in our process is that this court will entertain motions to recall the mandate on virtually any issue, even ones that address duplicative issues which are clearly bound by law of the case. We should exercise our discretion *557 to entertain motions to recall mandates more sparingly in the future. Arkansas applies motions to recall the mandate the most liberally of any state in the country.[1] Consequently, in our criminal court system, final never really means final.
Womack, J., joins.

Arkansas Code Annotated § 5-2-305 provides the statutory procedures that are to be followed when the defense of mental disease or defect is raised. The statute provides in pertinent part:
(a) Whenever a defendant charged in circuit court:
(1) Files notice that he intends to rely upon the defense of mental disease or defect, or there is reason to believe that mental disease or defect of the defendant will or has become an issue in the cause; or
(2) Files notice that he will put in issue his fitness to proceed, or there is reason to doubt his fitness to proceed, the court, subject to the provisions of §§ 5-2-304 and 5-2-311, shall immediately suspend all further proceedings in the prosecution....
(b)(1) Upon suspension of further proceedings in the prosecution, the court shall enter an order:
(A) Directing that the defendant undergo examination and observation by one or more psychiatrists at a local regional mental health center....; or
(B) Appointing at least one (1) qualified psychiatrist to make an examination and report on the mental condition of the defendant; or
(C) Directing the Director of the Arkansas State Hospital to examine and report upon the mental condition of the defendant; or
(D) Committing the defendant to the Arkansas State Hospital or other suitable facility for the purpose of the examination for a period not exceeding thirty (30) days, or such longer period as the court determines to be necessary for the purpose.
....
(c) Upon completion of an examination at a local regional mental health clinic or center pursuant to subsection (b) of this section or in lieu of such an examination, the court may enter an order providing for examination pursuant to subsections (b)(2) or (3) of this section and may further order the defendant committed to the Arkansas State Hospital for further examination and observation if the court determines that commitment and further examination and observation are warranted.
(d) The report of the examination shall include the following:
(1) A description of the nature of the examination;
(2) A diagnosis of the mental condition of the defendant;
(3) An opinion as to his capacity to understand the proceedings against him and to assist effectively in his own defense;
(4) An opinion as to the extent, if any, to which the capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was impaired at the time of the conduct alleged; and
(5) When directed by the court, an opinion as to the capacity of the defendant to have the culpable mental state that is required to establish an element of the offense charged.
Ark. Code Ann. § 5-2-305 (Supp. 1989).